IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THOMAS P. ACOSTA**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF OREGON**; **THOMAS O. BRANFORD**, Judge for Newport OR; **MARRIA BUCKLEY**, Judge; **GUY GRACO**, Attorney; **ALICE VACHSS**, <br><br> Defendants. | Case No. 3:21-cv-01343-IM <br><br> **ORDER OF DISMISSAL** |

**IMMERGUT, District Judge.**

Plaintiff Thomas P. Acosta ("Acosta"), a self-represented litigant, filed this lawsuit on September 13, 2021. Acosta also filed an application with this Court to proceed *in forma pauperis* ("IFP"), which was granted. (ECF Nos. 1, 6.) For the reasons set forth below, this Court dismisses Acosta's Complaint (ECF No. 2), denies his Motion for Temporary Restraining Order (ECF No. 3), and denies his Motion for Appointment of Counsel (ECF No. 4).

PAGE 1 – ORDER OF DISMISSAL

**STANDARDS**

The federal IFP statute, 28 U.S.C. § 1915 ("Section 1915"), permits an indigent litigant to forego the administrative costs associated with initiating and prosecuting a lawsuit in federal court. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In drafting Section 1915, Congress recognized that a litigant who is not required to shoulder the financial burden of litigating may lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To temper such abuses, Section 1915(e) authorizes a district court to dismiss a complaint upon finding that it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 28 U.S.C. § 1915A(b). A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, thereby "spar[ing] prospective defendants the inconvenience and expense of answering" such complaints. *Neitzke*, 490 U.S. at 324; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (explaining that Section 1915(e) applies to all IFP complaints, and not just those filed by individuals in custody).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curium)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130-31.

///

///

///

PAGE 2 – ORDER OF DISMISSAL

## DISCUSSION

I.  **Acosta's Complaint**

Acosta brings this action against the State of Oregon; Thomas O. Branford; Marria Buckley; Guy Graco; and Alice Vachss (collectively, "Defendants"). The complaint, however, is largely unintelligible. For example, Acosta alleges the following:

> [F]orgery of my name. Planting evidence by the police. Officer Brint Ganer. Detective illegal incarceration. Right to confront. Speedy trial . . . . [M]y live [sic]. I'm innocent of this. This judge forgery. I'm innocent of this they did this to take my son.[1]

(Compl. at 4.)

Federal Rule of Civil Procedure ("Rule") 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and instructs that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), 8(d)(1). A "claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) (internal quotations omitted). Compliance with Rule 8 therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claims and the elements of a prima facie case" for each claim alleged. *Id.* Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, a pleading "that offers 'labels and conclusions,'" "a formulaic recitation of the elements," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] It is unclear whether Acosta presently is in custody.

PAGE 3 – ORDER OF DISMISSAL

Acosta's complaint falls far short of asserting a short and plain statement showing that he is entitled to relief. Indeed, the complaint cannot be served as written. Acosta includes no operative facts or identifying details in support of his claims, such as who did what and to whom. Even liberally construed, the Court cannot determine what claims Acosta intends to assert, much less the intended target of those claims. Acosta thus fails to provide Defendants notice of the claims against them as required by Rule 8, and it would be impossible for anyone to draft an answer to Acosta's complaint in its current form. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (noting that Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them"). Accordingly, Acosta's complaint violates Rule 8 and must be dismissed. *See*, *e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding district court's dismissal of a complaint that failed to set forth a short and plain statement of the claims at issue in violation of Rule 8(a)).

In addition, the Court notes that to the extent Acosta attempts bring claims against the State of Oregon, the Eleventh Amendment bars suit in federal court against either a state or an agency acting under its control absent a clear and equivocal waiver. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. Accordingly, this Court dismisses Acosta's Complaint as to the State of Oregon.

Furthermore, to the extent Acosta seeks to bring claims arising from pending criminal charges against him in state court, this Court is prohibited from interfering in ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). Acosta therefore is advised that even if he stated cognizable claims against Defendants, this Court must abstain from deciding any matters that would implicate the state's interest in trying him for any criminal charges

against him unless he can demonstrate "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018) (citing *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 435).

## II.     Motion for Temporary Restraining Order

In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis "is substantially identical" with respect to a preliminary injunction and a temporary restraining order). A plaintiff seeking a preliminary injunction must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

It is unclear from Acosta's TRO request what conduct he seeks to enjoin, and by whom. Instead, Acosta simply states that "[t]he people in Newport what [sic] to kill [him]" and that he has informed the police. Although Acosta clearly feels threatened, he provides no other information from which the Court could conclude that he is likely to suffer irreparable injury absent preliminary relief, much less that such harm is imminent. *See Caribbean Marin Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (noting that to meet the "irreparable harm" requirement, a plaintiff must demonstrate, rather than simply allege, imminent harm). More importantly, however, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient

PAGE 5 – ORDER OF DISMISSAL

nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Even liberally construed, Acosta's request for a TRO appears to be completely unconnected to the allegations raised in his complaint, and the vague threat expressed in Acosta's TRO request is better addressed by local authorities than by the federal court. Accordingly, the imposition of a TRO is not warranted here.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Acosta's Complaint (ECF No. 2) for failure to state a claim. Acosta may file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. Failure to file an amended complaint will result in the dismissal of this proceeding, with prejudice.

This Court DENIES Acosta's Motion for Temporary Restraining Order (ECF No. 3) for the reasons stated above.

This Court DENIES Acosta's Motion for Appointment of Counsel (ECF No. 4) because at this stage of the proceeding, he has failed to demonstrate a likelihood of success on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Acosta may renew his request for counsel at a later stage of the proceeding.

**IT IS SO ORDERED.**

DATED this  15th   day of September, 2021.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge