IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THOMAS P. ACOSTA,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>STATE OF OREGON; THOMAS O.<br>BRANDFORD, Judge for Newport OR;<br>MARCIA BUCKLEY, Judge; GUY<br>GRACO, Attorney; ALICA VACHSS,<br><br>　　　　　Defendants. | Case No. 3:21-cv-01343-IM<br><br>**ORDER OF DISMISSAL** |

IMMERGUT, District Judge.

Plaintiff Thomas P. Acosta ("Acosta"), a self-represented litigant, filed this lawsuit on

September 13, 2021. ECF 2. This Court previously granted Acosta leave to proceed *in forma*

*pauperis* ("IFP"). ECF 6. This Court also, however, dismissed Acosta's Complaint, ECF 2, for

failure to state a claim. ECF 7. In that Order, this Court explained that Acosta may file an

amended complaint curing the deficiencies noted. *Id*. Subsequently, Acosta filed several

documents and motions, ECF 11–15,[1] as well as an Amended Complaint, ECF 16. For the

---

[1] These filings consist of two exhibits, ECF 11, ECF 12; a "motion to inform," ECF 10; a
"motion to serve defendants of charges," ECF 13; a "motion to compel court to turn over all

PAGE 1 – OPINION AND ORDER

reasons set forth below, the Court DISMISSES Acosta's Amended Complaint, ECF 16. The

Court also DISMISSES as moot the motion for service, ECF 13, and the motion to compel, ECF

14.

## STANDARDS

The federal IFP statute, 28 U.S.C. § 1915 ("Section 1915"), permits an indigent litigant to

forego the administrative costs associating with initiating and prosecuting a lawsuit in federal

court. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In drafting Section 1915, Congress

recognized that a litigant who is not required to shoulder the financial burden of litigating may

lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To temper such abuses, Section 1915(e)

authorizes a district court to dismiss a complaint upon finding that it: (1) is frivolous or

malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 28 U.S.C.

§ 1915A(b). A complaint filed in forma pauperis may be dismissed at any time, including before

service of process, thereby "spar[ing] prospective defendants the inconvenience and expense of

answering" such complaints. *Neitzke*, 490 U.S. at 324; *see also Lopez v. Smith*, 203 F.3d 1122,

---

documents," ECF 14; and a document which appears to contain "cover pages" to a complaint and
additional exhibits, ECF 15. The Court construes the "motion to inform" as a request for this
Court to take judicial notice of what appear to be posts on the Internet and an email discussing
news segments regarding Acosta. ECF 10 at 3–6. Acosta's request for this Court to take judicial
notice of these documents is DENIED. Two kinds of facts may be judicially noticed: those that
are "generally known within the trial court's territorial jurisdiction," and those that "can be
accurately and readily determined from sources whose accuracy cannot be reasonably
questioned." Fed. R. Evid. 201(b). The documents—what appear to be copies of pages of
Internet posts and email correspondence discussing news segments about Acosta—are neither
generally known within this Court's jurisdiction nor capable of being readily determined "from
sources of unquestionable accuracy," and therefore are not amenable to judicial notice. *See Body
Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1089 (C.D. Cal. 2017). The Court
will, however, consider these documents as exhibits to Acosta's Amended Complaint.

1126 n.7 (9th Cir. 2000) (explaining that Section 1915(e) applies to all IFP complaints, and not just those filed by individuals in custody).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation mark omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curium)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

Acosta's Amended Complaint, ECF 16, read in conjunction with the "cover pag[e]s" submitted,[2] indicates that he brings this action against the State of Oregon, Alice Vachss, Marcia Buckley, Guy Greco, and Brent Gaynor,.[3] *See* ECF 16 at ¶¶ 2, 6, 7, 8, 11; ECF 15 at 1.

### A.  Sovereign Immunity

As an initial matter, to the extent Acosta seeks to bring claims against the State of Oregon, the Eleventh Amendment bars suit in federal court against a state or an agency acting

---

[2] Acosta appears to refer to the "cover page[s]," *see* ECF 15, as part of his "complaint." *See id.* at 2 ("[E]nclosed is a cover sheet to his case[.]"). Construing these pro se filings liberally, the Court considers these filings, ECF 15 and ECF 16, together. However, the Court notes that any complaint should be filed as one single document.

[3] The original complaint brought claims against Defendant Thomas O. Branford. ECF 2 at 2. Following dismissal of the original complaint, Branford was not named as a defendant or mentioned in the Amended Complaint. Accordingly, this Court considers Branford dismissed from this action. Additionally, Brent Gaynor was not listed as a defendant in the original complaint, though he was mentioned. *Compare* ECF 2 at 2 (listing Defendants) *with id.* at 4 (referencing a "Brint Ganer"). In Acosta's Amended Complaint, it does appear as though he is making claims directly against Gaynor. *See, e.g.*, ECF 16 at ¶ 7.

under its control absent a clear and unequivocal waiver. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). As this Court's previous Order dismissing the complaint explained, the State of Oregon has not consented to be sued in federal court or otherwise waived its immunity. *See* ECF 7 at 4. Accordingly, the Court DISMISSES the Amended Complaint as to the State of Oregon.

## B. Federal Rule of Civil Procedure 8

As this Court explained to Acosta in its prior dismissal order, ECF 7, Federal Rule of Civil Procedure 8 ("Rule 8") requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (internal quotation marks and citation omitted). Compliance with Rule 8 therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claim and the elements of the prima facie case" for each claim alleged. *Id*. Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, a pleading "that offers 'labels and conclusions,'" "a formulaic recitation of the elements," or "'naked assertion[s]' devoid of 'further factual enhancement" will not suffice. *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Acosta's Amended Complaint again falls short of the requirements under the Federal Rules of Civil Procedure. First, Acosta appears to bring several claims regarding alleged forgery. *See* ECF 16 at ¶¶ 1 ("forgery (second degree)"), 10 ("forging documents, and all of them knew about it"); *see also* ECF 15 at 1 ("second degree forgery, public records [ ] intended to defraud, deceive, or trick the victim with forged documents"). Acosta submits as an exhibit what appears

to be documents related to his underlying state court case, titled "forging a signature." ECF 11. These documents are included without context and include what may be an email or other typewritten message, potentially from a judge, *id.* at 1, documents from a 2003 Texas state court proceeding, *id.* at 2, 4, and declarations in support of motions to disqualify judges in an Oregon state court proceeding, *id.*at 3, 5–6. Acosta includes no operative facts or identifying details in support of these claims, such as who did what, to whom, and in what context.

Acosta also brings several claims related to "planting evidence." *See* ECF 16 at ¶¶ 2 ("Lieutenant Brent Gaynor planting evidence"), 9 ("planting evidence is a crime"); *see also* ECF 15 at 1 ("plainting [sic] evidence"). Acosta has submitted an exhibit that contains purported excerpts from a DNA analysis conducted in 2012 and from "Defense's Response to Ruling on 412 Motion," with a handwritten notation that "[t]his is illegal evidence in my case." ECF 12. Again, these documents are submitted without context, and taken together with the claims, even liberally construed, Acosta fails to provide sufficient facts or details in support of these claims. The same holds true for Acosta's conclusory allegation regarding "obstruction of justice." ECF 16 at ¶ 3; *see also* ECF 15 at 1.

Next, Acosta brings several claims under the Sixth Amendment. *See* ECF 16 at ¶¶ 4 ("fast & speedy trial"), 5 ("[t]he right to confront your accuser has been denied me"), 7 ("[d]enying my constitutional right to counsel"), 11 ("it denied me my constitutional right to a speedy trial" and "failure to investigate . . . when I tell [my attorney] about my innocence he tells me just fire him"); *see also* ECF 15 at 1 ("fast and speedy trial 14 months no[ ] trial"). As to the claims stemming from the Sixth Amendment's guarantee of a speedy trial, Acosta fails to provide operative facts or identifying details beyond alleging "14 months no[ ] trial" *id.*, and that his attorney, Defendant Greco, "should have been demanding my early release," ECF 16 at ¶ 11.

Acosta has failed to provide a "short and plain statement of the claim showing that [he] is entitled to relief" on this claim. Fed. R. Civ. P. 8(a)(2); *see United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019) (explaining that courts apply a balancing test to speedy trial cases, considering the length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant). As to Acosta's Confrontation Clause claim, he alleges nothing more than: "The right to confront your accuser has been denied me. [G]ranted by the 6th Amendme[n]t." ECF 16 at ¶ 11. For the same reasons stated above, this is insufficient under Rule 8. Acosta's claim related to the Sixth Amendment right to counsel, in which Acosta alleges that Defendant Gaynor took his DNA outside the presence of his lawyer, despite Acosta "telling them" he wanted his lawyer present, *id*. at ¶ 7, suffers from the same defects. Acosta's pleading, even construed liberally, fails to appraise this Court, or Defendants, of when these alleged events occurred or any other operative facts or elements necessary to plead a prima facie case. *See McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991) (explaining the Sixth Amendment right is offense specific and does not attach until prosecution is commenced).[4] Finally, even liberally construed, Acosta's claim of ineffective assistance of counsel, ECF 16 at ¶ 11, fails under Rule 8. The pleading is devoid of facts necessary to plead a prima facie case for ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating elements of ineffective assistance claim).

Finally, Acosta brings claims against Defendants Vachss and Buckley. ECF 16 at ¶¶ 6, 8. He alleges that Vachss "argu[ed] evidence that wasn't in the trial" despite being "told not to do this" and that Buckley "went to the [D]epartment of [J]ustice" which told her "that they can't let

---

[4] To the extent Acosta is challenging a violation of his Fifth Amendment right to counsel, that claim suffers from the same deficiencies under Rule 8.

this evidence in . . . and they did anyways." *Id*. Under Rule 8, Acosta fails to identify claims

entitling him to relief or any facts or details that allow this Court to determine what claims he

asserts as to these Defendants.

In sum, even liberally construed, it is not possible for this Court to determine the targets

of these claims, their factual bases, or whether Acosta is entitled to relief. As such, Acosta fails

to provide Defendants with sufficient notice of the claims against them as required by Rule 8. As

with the original complaint, "it would be impossible for anyone to draft an answer to Acosta's

complaint in its current form." ECF 7 at 4. Therefore, the Amended Complaint violates Rule 8

and is dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996).[5]

---

[5] Because it is unclear whether and to what extent Acosta's state court criminal
proceedings have been fully resolved based on the pleadings, the Court reiterates that it may not
interfere with an ongoing state criminal proceeding. ECF 7 at 5 (citing *Younger v. Harris*, 401
U.S. 37, 53–54 (1971)).  Accordingly, even if Acosta is able to state a claim against Defendants,
the Court must abstain from deciding any matter that would implicate the state's interest in
trying him for any criminal charges against him unless he can demonstrate "bad faith,
harassment, or some other extraordinary circumstance that would make abstention
inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 765–66 (9th Cir. 2018) (internal quotations
marks and citation omitted).

Additionally, this Court notes that Acosta alleges people are "trying to kill" him. ECF 15
at 1–2. "Section 1983 creates a private right of action against individuals who, acting under color
of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d
1070, 1074 (9th Cir. 2001). "[T]he under-color-of-state-law element of [Section] 1983 excludes
from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs.
Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted); *see also Price v.
Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (noting that "[p]rivate parties are not generally
acting under color of state law"). Section 1983 may apply to a private party, however, where "he
is a willful participant in joint action with the State or its agents." *Peng v. Mei Chin Penghu*, 335
F.3d 970, 980 (9th Cir. 2003) (internal quotation marks omitted) (citing *Kirtley v. Rainey*, 326
F.3d 1088, 1092 (9th Cir. 2003)). Here, Acosta appears to be directing this allegation at members
of the public engaging in private conduct—there are no facts to indicate they are acting under
color of state law. Therefore, Acosta has not stated a claim under Section 1983.

PAGE 7 – OPINION AND ORDER

Case 3:21-cv-01343-IM    Document 17    Filed 11/30/21    Page 8 of 9

## C.  Habeas Corpus Petition

Even if Acosta could meet the pleading requirements set forth in Rule 8, which he does not here, Acosta's claims—as this Court understands them—sound in habeas not as Section 1983 claims as currently pleaded. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," while "[c]laims involving the circumstances of the plaintiff's confinement may be presented in civil rights actions" under 18 U.S.C. § 1983. *Carballo v. Barr*, 491 F. Supp. 3d 860, 867 (D. Nev. 2020) (internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). When state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody," they must "use only habeas corpus (or similar state) remedies." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Though Acosta seeks money damages, *see* ECF 16 at 3, Acosta challenges conduct he alleges unconstitutionally caused his state court conviction. *See generally id*. at 1–2 (alleging forging documents, planting evidence, and violating his 6th Amendment rights in the context of his state court proceeding). "[W]here 'establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction,' a [Section] 1983 action will not lie 'unless . . . the conviction or sentence has already been invalidated.'" *Wilkinson*, 544 U.S. at 80 (quoting *Heck v. Humphrey*, 512 U.S. 477, 481–82, 487 (1994)). Because his underlying state court conviction and sentence have not already been invalidated, to the extent Acosta seeks a judicial declaration that "implies the unlawfulness of the State's custody," *id*. at 81, he must proceed under habeas.[6]

---

[6] To the extent Acosta seeks immediate release from parole or other terms of his confinement, he must also seek habeas relief. *See* ECF 15 at 2 ("Please inform me of the status of dismissing my p[a]role[.]"); *see also Wilkinson*, 544 U.S. at 81.

PAGE 8 – OPINION AND ORDER

Therefore, even if Acosta could state a claim against Defendants, those claims sound in habeas, not under Section 1983. A civil suit under Section 1983 is not the proper method to bring these claims.

**CONCLUSION**

For the reasons set forth above, this Court DISMISSES Acosta's Amended Complaint, ECF 16 for failure to comply with Rule 8. Additionally, the Court DENIES Acosta's Motion for Service, ECF 13, and Motion to Compel, ECF 14, as moot. Amendment shall not be permitted. The Court previously provided Acosta with a detailed explanation of his pleading deficiencies and granted him an opportunity to cure such deficiencies in an amended pleading. ECF 7. Acosta failed to do so. The Court therefore concludes that any further attempts to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 107 (9th Cir. 2009) (noting that "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad" (internal quotation marks omitted)). Moreover, as explained in this Order, even if Acosta were able to state a claim, his claims sound in habeas, and a suit under § 1983 is the inappropriate vehicle by which to bring them.

**IT IS SO ORDERED**.

DATED this 30th day of November, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge