IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THOMAS P. ACOSTA**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**STATE OF OREGON; THOMAS O. BRANFORD**, Judge for Newport OR; **MARCIA BUCKLEY**, Judge; **GUY GRACO**, Attorney; and **ALICE VACHSS**, Attorney,<br><br>　　　　Defendants. | Case No. 3:21-cv-01343-IM<br><br>**OPINION AND ORDER** |

**IMMERGUT, District Judge.**

Plaintiff Thomas P. Acosta ("Acosta"), a self-represented litigant, brings this action against the State of Oregon, Marcia Buckley, Guy Graco, Alice Vachss, and Brett Gaynor.[1] ECF

---

[1] The original complaint brought claims against Defendant Thomas O. Branford. ECF 2 at 2. Following dismissal of the original complaint, Branford was not named as a defendant or mentioned in the Amended Complaint. Accordingly, this Court considers Branford dismissed from this action. Additionally, Brent Gaynor was not listed as a defendant in the original complaint, though he was mentioned. *Compare* ECF 2 at 2 (listing Defendants) *with id.* at 4

PAGE 1 – OPINION AND ORDER

16 at ¶¶ 2, 6, 7, 8, 11; ECF 15 at 1. On November 30, 2021, this Court issued an Order, ECF 17, dismissing the Amended Complaint with prejudice. Currently before this Court is Plaintiff's Motion to Reopen, ECF 19, and Motion to Seal, ECF 20. For the reasons discussed below, Plaintiff's Motions are DENIED.

## BACKGROUND

Plaintiff brought claims related to alleged "forgery," ECF 16 at ¶ 1, ¶ 10; ECF 15 at 1, and "planting evidence," ECF 16 at ¶ 2; ECF 15 at 1. He also brought several claims under the Sixth Amendment, ECF 16 at ¶ 4, ¶ 7, ¶ 11; ECF 15 at 1, and related to his trial—alleging that Defendant Vachss "argu[ed] evidence that wasn't in the trial" despite being "told not to do this" and Defendant Buckley "went to the [D]epartment of [J]ustice" which told her "that they can't let this evidence in . . . and they did anyways," *id.* at ¶¶ 6, 8. This Court previously dismissed Plaintiff's Amended Complaint, ECF 17, because, to the extent that Plaintiff brings claims against the State of Oregon, those claims are barred by the Eleventh Amendment and his claims against the remaining defendants fail to comply with Federal Rule of Civil Procedure 8.

### I.   Motion to Reopen

Plaintiff does not identify the procedural rule on which he bases his Motion to Reopen. ECF 19. Thus, this Court construes the motion as brought alternatively under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S.

---

(referencing a "Brint Ganer"). In Acosta's Amended Complaint, it does appear as though he is making claims directly against Gaynor. *See, e.g.*, ECF 16 at ¶ 7.

PAGE 2 – OPINION AND ORDER

445, 451 (1982)); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994) (explaining that where post-judgment motion for reconsideration did not specify which Rule, 59(e) or 60(b), supported the motion, court considered a motion under both standards).

    a. **Rule 59(e)**

Under Rule 59(e), a party may move "to alter or amend a judgment" within 28 days of its entry. Fed. R. Civ. P. 59(e). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion to alter or amend a judgment under Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis in original). This standard presents a "high hurdle" for a litigant seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

In his motion, Plaintiff argues that he "did state a claim for relief." ECF 19 at 1. He alleges that the criminal case against him occurred "because of [his] child"—Plaintiff alleges that his girlfriend was intoxicated during her pregnancy and when he threatened to take their child from her, she faked her kidnapping. *Id.* He further alleges that when law enforcement discovered his girlfriend's alleged deceit, Defendant Gaynor planted evidence against him and Branford

PAGE 3 – OPINION AND ORDER

forged his name, which Branford told Defendant Buckley.[2] *Id.* at 1–2. Plaintiff also re-alleges that his Sixth Amendment right to confront his accuser was violated due to the death of the alleged victim before trial. *Id.* at 2.

First, Plaintiff failed to file his motion within the time prescribed by Rule 59(e): judgment was entered on November 30, 2021, but Plaintiff did not file the Motion to Reopen until July 11, 2022. Second, he makes no showing of a change in controlling law nor has he articulated what clear error the Court committed. Finally, to the extent that he has identified newly discovered evidence related to alleged malfeasance on the part of his girlfriend, it would not have prevented the dismissal of his Amended Complaint. Thus, Plaintiff has failed to clear the high hurdle necessary for relief under Rule 59(e).

### b. Rule 60(b)

Under Rule 60(b), a court may relieve a party from a final judgment or order if that party can establish "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged . . . ; or (6) any other reason that justifies relief." Rule 60(b) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Rule 60(b)(6) relief is appropriate only if a movant establishes "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental*

---

[2] As previously mentioned, this Court considers Branford dismissed from this action as he was not named as a defendant or mentioned in the Amended Complaint.

PAGE 4 – OPINION AND ORDER

*Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (alterations in original) (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

First, Plaintiff does not assert that the deficiencies in his Amended Complaint stemmed from mistake, inadvertence, surprise, or excusable neglect. Next, as addressed above, to the extent that Plaintiff raises newly discovered evidence, this evidence would not have affected this Court's dismissal of his Amended Complaint. Moreover, Plaintiff does not allege fraud, misrepresentation, or misconduct on the part of the Defendants other than to re-allege the accusations this Court dismissed in his Amended Complaint, and the alleged misconduct does not warrant Rule 60(b) relief because it did not "prevent [him] from fully and fairly presenting" the complaint. *See Case v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (internal quotation marks omitted) (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Plaintiff does not assert that the judgment was void or has otherwise been satisfied, released, or discharged. Therefore, in order to obtain relief under Rule 60(b), Plaintiff must show that relief is appropriate under the catchall "any other reason" provision in Rule 60(b)(6). Plaintiff presents no argument or evidence from which this Court can conclude that extraordinary circumstance prevented or rendered him unable to prosecute his case. Accordingly, this Court declines to exercise its discretion to grant relief under Rule 60(b).

**II.     Motion to Seal**

When considering a motion to seal, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this strong presumption, the party seeking to seal a judicial record must show "compelling reasons" to do so. *Id.* at 1135. "[T]he party must 'articulate[ ] compelling reasons

supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178–79 (first quoting *Foltz*, 331 F.3d at 1135; then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Plaintiff asks this Court to seal "the case from the public records[] along with all associated electronic records." ECF 20. Plaintiff does not identify which specific documents he seeks to have sealed. Moreover, he does not provide any legal or factual basis for this request, let alone a compelling reason that would outweigh the general history of access and public policies favoring disclosure. Thus, this Court finds no grounds to seal records in this case. Plaintiff also reiterates his request for this Court to reopen this case. To the extent that Plaintiff seeks to file another motion asking this Court reconsider this case, that motion is denied for the reasons stated above.

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Reopen and Motion to Seal are DENIED.

**IT IS SO ORDERED.**

DATED this 10th day of August, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – OPINION AND ORDER